UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JEROME LAWS,<br><br>   Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:24-cv-00309-CDB (SS)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A COPY OF THE COMMISSIONER'S FINAL DECISION AND A COPY OF NOTICE RECEIVED FROM APPEALS COUNCIL DENYING HIS CLAIM<br><br>ORDER REQUIRING PLAINTIFF TO FILE LONG-FORM APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER REQUIRING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT OR STATEMENT HE WISHES TO PROCEED<br><br>(Docs. 1, 2)<br><br><u>30-DAY DEADLINE</u> |

  On March 14, 2024, Plaintiff Anthony Jerome Laws, proceeding pro se, filed the complaint in this action. (Doc. 1). Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). However, Plaintiff's application does not provide sufficient information for the Court to determine whether he is entitled to proceed without prepayment of fees in this action. Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete

and submit the long form application, Plaintiff must pay the filing fee in full.

Separately, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and finds that Plaintiff did not establish exhaustion of his administrative remedies pursuant to 42 U.S.C. § 405(g). Plaintiff is ordered to supplement his application by filing a copy of the Commissioner's final decision as well as a copy of the notice he received from the Appeals Council. The Court also finds that it lacks jurisdiction over Plaintiff's constitutional (Fourteenth and Eighth Amendment) claims – Plaintiff will be granted leave to file a first amended complaint within 30 days that cures those deficiencies or a statement explaining he wishes to proceed on the original complaint as screened herein.

**I.     Proceeding in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

**II.     Screening Requirement**

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.     Pleading Standards**

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the

grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

In addition, courts within the Ninth Circuit have set forth the following basic requirements that are necessary to survive a screening under Section 1915(e):

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Mercado v. Kijakazi*, No. 22-CV-01713 (NLS), 2023 WL 2336909, at *1 (S.D. Cal. Mar. 2, 2023) (quoting *Montoya v. Colvin*, No. 2:16-CV-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (alterations added)); *Graves v. Colvin*, No. 2:15-CV-106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015).

Read liberally, Plaintiff's complaint appears to be an appeal of the Commissioner's decision denying the award of benefits to Plaintiff. Plaintiff resides in Bakersfield, California., and alleges that he applied for Social Security income in July 2021, and was denied in December 2021. (Doc. 1 p. 5). Thereafter, he requested review before an administrative law judge and received an adverse decision on April 14, 2023. He thereafter requested review of that decision, which was denied in January 2024. *Id*. Plaintiff claims that his application was wrongfully denied since his doctor told him that he is unemployable due to his diagnoses of paranoid schizophrenia, panic disorder, and anxiety and depression. *Id*. Plaintiff asserts that he should be approved for social security income. *Id*. at 6.

In addition to seeking the award of benefits, Plaintiff also seeks $100,000.00 in relief for the pain and suffering he endured in what appears to be claims for violations of the Eighth and Fourteenth Amendments. The United States Supreme Court has found that Section 405(g) provides the exclusive mechanism for bringing Social Security Claims in federal court. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). Section 405(h) bars all other claims, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act. *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984). Here, Plaintiff's constitutional claims are "inextricably

intertwined" with his claim for benefits and therefore are barred by Section 405(h). *See Okimoto v. Social Security Administration*, No. 15-00425 HG-RLP, 2015 WL 7264827, at *3 (D. Haw. Oct. 22, 2015).

Because the Court lacks subject matter jurisdiction over Plaintiff's constitutional claims, Plaintiff will be granted leave to file a first amended complaint within 30 days in which he may choose to remove the constitutional claims. If Plaintiff chooses to file a first amended complaint that maintains the constitutional claims, the undersigned will recommend to an assigned district judge that Plaintiff's application to proceed in forma pauperis be denied and that the constitutional claims be dismissed.

Additionally, Plaintiff is required to establish that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that he timely filed this action within 60 days after the notice of a final decision. Without this information, the Court is unable to determine jurisdiction. Although Plaintiff avers that he received a final decision on January 2024, and that the deadline to file his claim was March 15, 2024 (Docs. 1,3), Plaintiff's complaint in this Court should have an attached copy of the Commissioner's final decision as well as a copy of the notice Plaintiff received when his appeal was denied by the Social Security Appeals counsel.

**V.     Conclusion and Order**

For the forgoing reasons, the Court DIRECTS the Clerk of the Court to forward to Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.

And the Court HEREBY ORDERS:

1. By no later than **April 15, 2024**, Plaintiff shall submit to the Court either (1) a completed AO 239 Long Form or (2) the $405.00 filing fee.

2. By no later than **April 15, 2024**, Plaintiff shall submit to the Court copies of the Commissioner' final decision as well as the notice he received from the Appeals Council denying review. The Court shall hold any resubmitted motion by Plaintiff to proceed *in forma pauperis* in abeyance until it receives the documents identified above.

3. By no later than **April 15, 2024**, Plaintiff shall submit to the Court either (1) a first

amended complaint that corrects the deficiencies identified above or (2) a statement that he wishes to proceed on his original complaint, including the constitutional claims alleged therein for which the undersigned has found this Court lacks subject matter jurisdiction. Failure to correct the deficiencies in the operative complaint identified by the undersigned in this Order will result in a recommendation to deny Plaintiff's *in forma pauperis* application and to dismiss the complaint.

Plaintiff is warned that any amended complaint will supersede the prior complaint and must plead all his claims without reference to a prior complaint.

**If Plaintiff fails to timely comply with this order, the undersigned shall recommend that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **March 15, 2024**

UNITED STATES MAGISTRATE JUDGE