UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JEROME LAWS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00309-KES-CDB (SS)<br><br>ORDER ON MOTION TO REQUEST COURT RESPOND TO PLAINTIFF'S COMPLAINT<br><br>(Doc. 25) |

　　　　Plaintiff Anthony Jerome Laws ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act.  (Doc. 1).

　　　　On January 15, 2025, Plaintiff filed a motion in which he states that it has been over 90 days since he filed his option reply brief (Doc. 24) and the Court has not yet ruled on the pending motion for summary judgment and, therefore, the Court is violating Plaintiff's rights. *See* (Doc. 25).  He cites to Article VI, Section 19 of the "United States Constitution" for the proposition that Section 19 sets a deadline for judicial decisions to be made 90 days after the matter is submitted for decision, as well as Government Code section 68210 for the proposition that judges must issue an affidavit that no cause before the judge remains pending for 90 days after it has been submitted for decision.  *Id.* at 2.

The Court notes that the United States Constitution does not have a "Section 19" under Article VI and that the Plaintiff likely intended to cite the same provision in the California Constitution, which does have such a section and sets such a 90-day deadline in regards to withholding of salaries of judges of courts of record if a submitted matter remains pending for 90 days or more.  Cal. Const., art. 6, § 19.  Similarly, the "Government Code" section Plaintiff cites exists only in the California Government Code.  Cal. Gov. Code § 68210.  As this matter is in pending in a United States District Court, the aforementioned provisions of California constitutional and statutory law are inapplicable here.

The undersigned was appointed to the bench on October 6, 2022, on which date he was assigned a docket consisting of approximately 442 pending cases; as of today's date, that docket includes more than 80 pending Social Security cases in various stages of litigation, including dozens of fully briefed dispositive motions.  Despite his earnest efforts to resolve this extraordinary backlog, the undersigned regrets Plaintiff's motion has not yet been adjudicated. The Eastern District of California is one of the busiest courts in the country and remains under a judicial emergency, and though highly unfortunate, significant delays are inevitable.

The parties are advised that Plaintiff's pending motion for summary judgment will be resolved as soon as is practicable given the Court's tremendous workload.

Accordingly, for the above-stated reasons, Plaintiff's motion for response to the complaint (Doc. 25), construed as a motion for status, is GRANTED.

IT IS SO ORDERED.

Dated:   **January 17, 2025**                           _____
                                                                    UNITED STATES MAGISTRATE JUDGE